UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

---------------------------------X
GREENPOINT BUSHWICK, LLC,
192 MORGAN REALTY, LLC and
MORGAN WILLIAMSBURG, LLC,         Civil Action No: 21-cv-1352

                Plaintiffs,     **AMENDED COMPLAINT**
- against -
                              **JURY TRIAL DEMANDED**

CERTAIN UNDERWRITERS SUBSCRIBING
POLICY NO. PL190320,

                Defendants.
---------------------------------X

    Plaintiffs Greenpoint Bushwick, LLC, 192 Morgan Realty, LLC and Morgan Williamsburg, LLC (hereafter "Plaintiffs") by their attorney, Jules A. Epstein, P.C., as and for their Complaint, alleges as follows.

**PARTIES**

    1.    At all relevant times, Plaintiff Greenpoint Bushwick, LLC was and is a limited liability company organized under the laws of the State of New York.

    2.    At all relevant times, Plaintiff 192 Morgan Realty, LLC was and is a limited liability company organized under the laws of the State of New York.

    3.    At all relevant times, Plaintiff Morgan Williamsburg, LLC was and is a limited liability company organized under the laws of the State of New York.

    4.    Upon information and belief and at all relevant times, Defendants were and still are foreign parties regularly conducting business within the State of New York.

5. Upon information and belief and at all times hereinafter mentioned, Defendants were authorized by the New York Superintendent of Insurance to issue policies of insurance within the State of New York including the policy of insurance issued to the Plaintiffs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, in that there is complete diversity of citizenship between all Plaintiffs and all Defendants and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Venue is proper herein pursuant to 28 U.S.C. 1391(a)(2).

**FIRST CAUSE OF ACTION**

**(BREACH OF CONTRACT)**

8. At all relevant times, Plaintiffs were and still are the owner of the insured property located at 186-200 Morgan Avenue, Brooklyn, New York (the "Subject Premises").

9. At all relevant times, the Plaintiffs maintained an insurable interest in the Subject Premises.

10. Prior to April 30, 2020 and for good and valuable consideration, Defendants issued to Plaintiffs their policy of insurance bearing number PL-190320 with effective dates of coverage from March 19, 2020 through March 19, 2021, which policy insured the Subject Premises against the risks of loss specified therein (the "Policy").

11. On or about March 20, 2020, Plaintiffs received a copy of the Policy's insurance binder.

12. On April 30, 2020, while the Policy was in full force and effect, the Subject Premises was damaged as a result of a covered peril.

13. On or about April 30, 2020, a collapse of a retaining wall occurred on the Subject Premises causing damage to the Subject Premises (the "Loss").

14. As a result of the Loss Plaintiffs suffered structural and other property damage to the Subject Premises in the amount of $500,000.

15. On or about May 18, 2020, Plaintiffs submitted a Property Loss Notice to Defendants seeking to be indemnified and reimbursed for the damage sustained to the Subject Premises as a result of the Loss.

16. Prior to the Loss, Defendants did not provide a copy of the Policy to Plaintiffs.

17. After Plaintiffs submitted their claim to Defendants for the Loss, by letter dated December 4, 2020, Defendants denied coverage of the Loss.

18. Notwithstanding the fact that the Loss was caused by a covered peril, and despite the fact that Plaintiffs complied with all conditions precedent to coverage under the terms and conditions of the Policy, Defendants have failed and refuse to indemnify and reimburse Plaintiffs for the damages sustained to the Subject Premises due to the Loss, despite the fact that the same has been duly demanded.

19. Defendants' failure to indemnify and reimburse Plaintiffs for the damages sustained to the Subject Premises as a result of the Loss constitutes a breach of contract.

20. That Plaintiffs would be required to expend legal fees to pursue their rights under Defendants' wrongfully issued denial of its claim was reasonably foreseeable by the parties at the time they entered into the contract.

21.  Thus, under <u>Bi-Economy. v. Harleysville,</u> 10 N.Y.3d 187 and <u>Panasia Estates v. Hudson Insurance Co.</u> 10 N.Y. 3d 200, Plaintiffs seeks consequential damages from Defendants in the nature of attorneys' fees expended by Plaintiffs in pursuing this lawsuit, in an amount to be determined by the Court at the conclusion of the proceedings.

22.  As a result of Defendants' breach of contract, Plaintiffs have been damaged in the sum of at least $500,000.00, with the precise amount to be determined at the trial of this action, plus interest from April 30, 2020, consequential damages, disbursements, and attorney fees.

## SECOND CAUSE OF ACTION

### (COMMON LAW BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

23. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

24. Plaintiffs and Defendants are parties to a written contract, implied into which is the duty of good faith and fair dealing.

25. Plaintiffs have complied in good faith with all the terms of the Policy issued by Defendants.

26. Defendants had an obligation to investigate, bargain and settle claims in good faith and abide by all applicable laws and regulations.

27. Defendants had an obligation to investigate in good faith and pay covered claims arising out of the terms of the contract between Plaintiffs and Defendants.

28. Defendants had an obligation to investigate, bargain and settle claims in good faith and abide by all applicable laws and regulations.

29. Defendants had an obligation to honestly, adequately and promptly evaluate the claims arising out of the terms of the contract between Plaintiff and Defendants.

30. Defendants knew or should have known that failure to perform would undercut the very purpose of the agreement and terms of the contract between Plaintiffs and Defendants.

31. Defendants knew or should have known that failure to perform would cause additional damages that the Policy Plaintiffs purchased was intended to protect against in the first place.

32. Defendants failed to honestly, adequately and promptly adjust the covered Loss under the Policy.

33. Defendants failed to promptly pay the covered Loss under the Policy.

34. Defendants had breached their duties to Plaintiffs and their conduct was and still is in bad faith.

35. Defendants misrepresented facts on some or all of its assessments of whether the Plaintiffs' claims were covered by the Policy.

36. Defendants made an unfounded refusal to pay benefits due under the Policy.

37. Defendants intentionally misrepresented Policy provisions and misinformed the Plaintiffs of the effect of said Policy provisions on their claim, which resulted in improper denial of their claim.

38. The aforesaid bad-faith claims handling practices not only resulted in Defendants' breach of the subject contract as alleged in the First Cause of Action, but further resulted in a breach of the implied covenant of good faith and fair dealing by Defendants, resulting in the improper denial of Plaintiffs' claim.

39. The very purpose of the aforesaid Policy obtained by the Plaintiffs herein is to return Plaintiffs to the same position they were in prior to their Loss.

40. The very purpose of the aforesaid Policy would have made Defendants aware that, if they breached its obligations under the contract to investigate in good faith and pay covered claims, they would have to respond in consequential damages for Plaintiffs' outlay of attorneys' fees required to pursue Plaintiffs' legal rights under said Policy.

41. Plaintiffs would be required to expend legal fees to pursue their rights under Defendants' wrongfully issued denial of its claim was reasonably foreseeable by the parties at the time they entered into the contract.

42. Plaintiffs are entitled to recover for the entirety of the Loss and/or are entitled to monetary damages caused by the bad faith, wanton and willful conduct of Defendants, which has knowingly violated applicable laws and regulations.

43. Plaintiffs are entitled to consequential damages which were reasonably foreseeable and proximately caused by the breach of the terms of the Policy.

44. Defendants have compelled the Plaintiffs to institute this action to recover amounts due under the Policy.

45. Thus, under <u>Bi-Economy v. Harleysville</u>, 10 NY3d 187 and <u>Panasia Estates v. Hudson Insurance Co.</u>, 10 NY3d 200, Plaintiffs

seek consequential damages from Defendants in the nature of attorneys' fees expended by Plaintiffs in pursuing this lawsuit, in an amount to be determined by the Court at the conclusion of the proceedings.

46. As a result, Plaintiffs are entitled to an award of compensatory damages to be determined at trial, plus interest from April 30, 2020, consequential damages, punitive damages, disbursements, and attorneys fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

a. On the first cause of action, for an amount to be determined at trial but no less than $500,000 plus interest from April 30, 2020, consequential damages, disbursements, and attorney fees;

b. On the second cause of action for an amount to be determined at trial, but no less than $500,000 plus interest from April 30, 2020, consequential damages, disbursements, and attorney fees; and

c. Together with such other, further or different relief as may be justified.

Dated:    Jericho, New York
          April __1__, 2021

Respectfully Submitted,

_____
Jules A. Epstein, Esq.
Jules A. Epstein, P.C.
Attorney for Plaintiffs
100 Jericho Quad., Ste 300
Jericho, NY 11753
(516) 745-1325

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                 Civil Action #21-cv-1352

---

GREENPOINT BUSHWICK, LLC, 192 MORGAN REALTY, LLC
and MORGAN WILLIAMSBURG, LLC,                            Plaintiffs,

- against -

CERTAIN UNDERWRITERS SUBSCRIBING
POLICY NO. PL190320,                                     Defendant.

---

## AMENDED COMPLAINT

---

**JULES A. EPSTEIN, P.C.**
**Attorney for Plaintiffs**
**100 Jericho Quadrangle, Suite 300**
**Jericho, NY 11753**
**(516) 745-1325**
**(516) 479-6301 (Fax)**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:_____          Signature_____

                                     Print Signer's Name___JULES A. EPSTEIN____

---

Service of a copy of the within                           is hereby admitted

*Dated,*                             ...........................................
                                     Attorney(s) for Defendants

---

SIR:  PLEASE TAKE NOTICE

*NOTICE   OF*       that the within is a (certified) true copy of a   entered in
*ENTRY*             the office of the clerk of the within named Court on    2018

*NOTICE   OF*       that an Order of which the within is a true copy will be
*SETTLEMENT*        presented for settlement to the                  one of the
                    judges of the within named Court, at 100 Supreme Court Drive,
                    Mineola, NY   on              , at 9:30   A. M.

*Dated:*                     Yours, etc.,
                             Jules A. Epstein, P.C.
                             Attorney for **Plaintiffs**
                             100 Jericho Quad, Suite 300
                             Jericho, NY 11753
                             (516) 745-1325
                             (516) 479-6301 (Fax)