UNITED STATES DISTRICTCOURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

GREENPOINT BUSHWICK, LLC,
192 MORGAN REALTY, LLC. and
MORGAN WILLIAMSBURGH, LLC.,

                Plaintiffs,                Civil Action No.: 1:21-CV-01352
                                                                (FB)(SJB)

    -against-                                            **ANSWER**

CERTAIN UNDERWRITERS SUBSCRIBING
POLICY NO. PL190320,

                Defendants.
───────────────────────────────────────X

       Defendants, CERTAIN UNDERWRITERS SUBSCRIBING POLICY NO. PL190320 ("Defendants" or "Underwriters"), by their attorneys, FLEISCHNER POTASH LLP, as and for an Answer to the Amended Complaint of Plaintiffs, respectfully allege the following:

## **PARTIES**

       1.    Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "1".

       2.    Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "2".

       3.    Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "3".

       4.    Defendants deny each and every allegation set forth in paragraph "4", except admit that Defendants are a foreign unincorporated association that write insurance policies on a surplus lines basis in the State of New York.

       5.    Defendants deny each and every allegation set forth in paragraph "5", except admit

that Defendants are authorized and/or eligible to write insurance policies on a surplus lines basis in the State of New York and subscribe a policy of insurance issued to the Plaintiffs.

## JURISDICTION AND VENUE

6. Defendants admit the allegations contained in paragraph "6".

7. Defendants admit the allegations contained in paragraph "7".

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

8. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "8".

9. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "9" and leave all matters of law to this Honorable Court.

10. Defendants deny each and every allegation contained in paragraph "10" except Defendants admit that they subscribed to Policy No. PL190320 issued to Greenpoint Bushwick, LLC, Morgan Williamsburg LLC & 192 Morgan Realty LLC (the "Policy"), which included 186-200 Morgan Avenue, Brooklyn, NY 11237 as an Insured Location for the term of March 19, 2020, to March 19, 2021, and refer to the Policy for its complete terms, conditions, exclusions, and limitations.

11. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "11".

12. Defendants deny each and every allegation contained in paragraph "12" except admit the Policy was in full force and effect on April 30, 2020, and refer to the Policy for its complete terms, conditions, exclusions, and limitations.

13. Defendants deny each and every allegation contained in paragraph "13".

14. Defendants deny each and every allegation contained in paragraph "14".

15. Defendants deny each and every allegation contained in paragraph "15" except admit that they received notice of the alleged loss on or about May 18, 2020.

16. Defendants deny each and every allegation contained in paragraph "16".

17. Defendants admit the allegations contained in paragraph "17", and respectfully refer the Court to the full contents of the December 4, 2020, letter denying coverage for the alleged loss, which are incorporated herein in their entirety.

18. Defendants deny each and every allegation contained in paragraph "18" except admit that Defendants have refused to reimburse Plaintiffs for the alleged damages.

19. Defendants deny each and every allegation contained in paragraph "19".

20. Defendants deny each and every allegation contained in paragraph "20".

21. Defendants deny each and every allegation contained in paragraph "21" except Defendants admit that Plaintiffs seek consequential damages from Defendants in the nature of attorneys' fees in pursuing this lawsuit, and leave all matters of law to this Honorable Court.

22. Defendants deny each and every allegation contained in paragraph "22".

**SECOND CAUSE OF ACTION**
**(COMMON LAW BREACH OF IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING)**

23. Defendants repeat, reiterate and reallege each and every answer set forth in the preceding paragraphs numbered "1" through "22", inclusive, with the same force and effect as though more fully set forth herein at length.

24. Defendants deny each and every allegation contained in paragraph "24" except Defendants admit that Plaintiffs and Defendants are parties to a written contract, and leave all matters of law to the Court.

25. Defendants deny each and every allegation contained in paragraph "25".

26. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "26" and leave all matters of law to the Court.

27. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "27" and leave all matters of law to the Court.

28. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "28" and leave all matters of law to the Court.

29. Defendants deny having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "29" and leave all matters of law to the Court.

30. Defendants deny each and every allegation contained in paragraph "30".

31. Defendants deny each and every allegation contained in paragraph "31".

32. Defendants deny each and every allegation contained in paragraph "32".

33. Defendants deny each and every allegation contained in paragraph "33".

34. Defendants deny each and every allegation contained in paragraph "34".

35. Defendants deny each and every allegation contained in paragraph "35".

36. Defendants deny each and every allegation contained in paragraph "36".

37. Defendants deny each and every allegation contained in paragraph "37".

38. Defendants deny each and every allegation contained in paragraph "38".

39. Defendants deny each and every allegation contained in paragraph "39".

40. Defendants deny each and every allegation contained in paragraph "40".

41. Defendants deny each and every allegation contained in paragraph "41".

42. Defendants deny each and every allegation contained in paragraph "42".

43. Defendants deny each and every allegation contained in paragraph "43".

44. Defendants deny each and every allegation contained in paragraph "44".

45. Defendants deny each and every allegation contained in paragraph "45" except Defendants admit that Plaintiffs seek consequential damages from Defendants in the nature of attorneys' fees in pursuing this lawsuit, and leave all matters of law to this Honorable Court.

46. Defendants deny each and every allegation contained in paragraph "46".

47. The "PRAYER FOR RELIEF" clause in the Amended Complaint merely recites the relief requested by Plaintiffs. To the extent a response is required, Defendants deny each and every allegation contained in the "PRAYER FOR RELIEF" clause.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that properly sits with another party, Defendants assert the following additional defenses:

## AS AND FOR A FIRST DEFENSE

48. The Amended Complaint, in whole or in part, fails to state a claim on which relief can be granted.

## AS AND FOR A SECOND DEFENSE

49. Defendants' liability, if any, is derived solely from the Policy, which is limited by its terms, conditions, limitations, deductibles, endorsements, and exclusions, all of which are pled herein as if copied in full at this place in this Answer.

## AS AND FOR A THIRD DEFENSE

50. Plaintiffs' action is barred by one or more of the equitable doctrines of waiver, estoppel, laches, unclean hands and/or accord and satisfaction.

## AS AND FOR A FOURTH DEFENSE

51. There is no justiciable controversy under the Policy.

## AS AND FOR A FIFTH DEFENSE

52.     Plaintiffs failed to mitigate their alleged losses, expenses, costs and damages.

## AS AND FOR A SIXTH DEFENSE

53.     Defendants denies any responsibility to Plaintiffs and contend to the extent the Plaintiffs have failed or refused to comply with all the terms, conditions and requirements under the Policy, there is no coverage for the Plaintiffs' claims.

## AS AND FOR A SEVENTH DEFENSE

54.     Plaintiffs failed to satisfy conditions precedent and to meet its other obligations necessary to establish and support a valid claim under the Policy.

## AS AND FOR AN EIGHTH DEFENSE

55.     While Defendants deny that Plaintiffs are entitled to coverage for the alleged loss, any recovery under the Policy is subject to all applicable deductibles, limits and sublimits of liability contained in the Policy, which are incorporated herein.

## AS AND FOR A NINTH DEFENSE

56.     There is no coverage for loss or damage to the below property as provided in the Building and Personal Property Coverage Form   CP 00 10 04 02 at page 2:

> A. *Coverage*
> *We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*
> *...*
>
> *2. Property Not Covered*
>   *Covered Property does not include:*
>       *...*
>
>       *j. Bulkheads, pilings, piers, wharves or docks;*
>       *...*
>       *l. Retaining walls that are not part of a building;*

## AS AND FOR A TENTH DEFENSE

57.     There is no coverage under the Policy for loss or damage caused directly or

indirectly by Earth Movement, as provided in the Causes of Loss – Special Form CP 10 30 06 07

at page 1:

> **B. Exclusions**
> **1.** *We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*
> *…*
>
> **b. Earth Movement**
> *(1) Earthquake, including any earth sinking, rising or shifting related to such event;*
> *(2) Landslide, including any earth sinking, rising or shifting related to such event;*
> *(3) Mine subsidence, meaning subsidence of a man-made mine, whether or not mining activity has ceased;*
> *(4) Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.*
> *…*

## AS AND FOR AN ELEVENTH DEFENSE

58. There is no coverage under the Policy for loss or damage caused by or resulting from Collapse, as provided in the Causes of Loss – Special Form CP 10 30 06 07 at page 4:

> **2.** *We will not pay for loss or damage caused by or resulting from any of the following:*
> *…*
>
> > **k.** *Collapse, including any of the following conditions of property or any part of the property:*
> > *(1) An abrupt falling down or caving in;*
> > *(2) Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or*
> > *(3) Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above.*
> > *But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.*

## AS AND FOR A TWELFTH DEFENSE

59. There is no coverage for loss or damage to the Plaintiffs' property caused by faulty, inadequate or defective design, workmanship, repair, construction, renovation, materials or maintenance, as provided in the Causes of Loss – Special Form CP 10 30 06 07 at page 4:

> *3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.*
> *\*\*\**
>> *c. Faulty, inadequate or defective:*
>>> *(1) Planning, zoning, development, surveying, siting;*
>>> *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
>>> *(3) Materials used in repair, construction, renovation or remodeling; or*
>>> *(4) Maintenance; of part or all of any property on or off the described premises.*

## AS AND FOR A THIRTEENTH DEFENSE

60. There is no coverage under the Policy for loss or damage to Plaintiffs' property caused by ordinary wear and tear, deterioration, rust or other corrosion, hidden or latent defect, decay, any quality in property that causes it to damage or destroy itself, settling, cracking, shrinking or expansion as provided in the Causes of Loss – Special Form CP 10 30 06 07 at page 3:

> *B. Exclusions*
>> *1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*
>> *…*
>>
>> *d. (1) Wear and tear;*
>>    *(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
>>
>> *…*
>>    *(4) Settling, cracking, shrinking or expansion;*

## AS AND FOR A FOURTEENTH DEFENSE

61. There is no coverage for loss or damage to Plaintiff's property that occurred prior to the inception of the Policy, prior to the Policy term, and/or prior to the effective date upon which coverage, if any, would be afforded to the property under the Policy.

## AS AND FOR A FIFTEENTH DEFENSE

62. The claim for punitive damages is in violation of the Statutes and Constitution of

the United States and New York.

## AS AND FOR A SIXTEENTH DEFENSE

63.     Defendants have at all times acted in good faith and on a reasonable basis.

## AS AND FOR A SEVENTEENTH DEFENSE

64.     There is no coverage in the Policy and/or as a matter of law for Plaintiffs' claimed demand for consequential damages, Plaintiff's claimed demand for consequential damages is not proximately related to the alleged breach of contract, and consequential damages were not reasonably foreseeable when the Policy was issued.

## AS AND FOR AN EIGHTEENTH DEFENSE

65.     To the extent the Defendants' Policy is triggered or Defendants are obligated to provide insurance coverage, any coverage that may be owed is excess coverage over any underlying insurance, any Self-Insured Retention, and any other insurance, whether collectible or not, whether primary, excess, contingent or self-insurance trust, or on any other basis.

## AS AND FOR A NINETEENTH DEFENSE

66.     There is no coverage in the Policy and/or as a matter of law for Plaintiffs' claimed demand for attorney fees and costs.

## AS AND FOR A TWENTIETH DEFENSE

67.     Plaintiffs did not suffer a fortuitous loss.

## AS AND FOR A TWENTY-FIRST DEFENSE

68.     Plaintiffs' claim is void to the extent that Plaintiffs' application for insurance contained any material misrepresentations and to the extent that the Plaintiffs have misrepresented material facts concerning the events complained of.

## AS AND FOR A TWENTY-SECOND DEFENSE

69. Defendants reserve the right to amend their Answer to the Amended Complaint and to interpose such other defenses and objections as continuing investigation and discovery may disclose.

WHEREFORE, Defendants, CERTAIN UNDERWRITERS SUBSCRIBING POLICY NO. PL190320, demand judgment dismissing the Amended Complaint, awarding it costs and disbursements, including reasonable attorneys' fees for the defense of this action, together with such other and further relief deemed just and proper.

Dated: New York, New York
May 4, 2021

Yours, etc.,

FLEISCHNER POTASH LLP

By:  /s/ Eric R. Leibowitz
Eric Leibowitz, Esq. (EL - 5488)
Attorneys for Defendants
CERTAIN UNDERWRITERS SUBSCRIBING
POLICY NO. PL190320,
14 Wall Street, Suite 5C
New York, New York 10005
(646) 520-4200
Our File No.:  305-22973

TO:   All Counsel of Record (Via ECF)